**Paul Kay CORONEL, Plaintiff— Appellant,**

v.

**Richard PAUL, Chaplain; Frank Luna, Warden; Corrections Corporation of America, Defendants—Appellees.**

**No. 05–16964.**

United States Court of Appeals, Ninth Circuit.

of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2007 *.

Filed March 19, 2007.

See also, 316 F.Supp.2d 868.

Paul Kay Coronel, Aiea, HI, pro se.

Daniel P. Struck, Esq., Eileen Dennis Gilbride, Esq., Rebecca Smith Masterson, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Paul Kay Coronel, a Hawaii state prisoner who was housed at The Florence Correctional Center ("FCC"), a private prison in Arizona, appeals pro se from the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc–1(a), and his First Amendment right to practice his Dianic Pagan religion and to worship with native Hawaiians or Pascua Yaqui Native Americans. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Yakutat, Inc. v. Gutierrez,* 407 F.3d 1054, 1066 (9th Cir. 2005), and we reverse and remand.

In 2001, the Hawaii Department of Corrections ("HDC") ordered that all Hawaiian inmates be prohibited from participating in Pascua Yaqui Native American sweat lodge ceremonies because an investigation revealed that Hawaiian prison gangs were using these services as a forum to organize disruption at FCC. The district court concluded there were triable issues of fact regarding whether defendants placed a substantial burden on Coronel's free exercise of religion, and whether the prison's refusal to allow Coronel to practice with the Pascua Yaquis was the least restrictive means to further a compelling government interest. *See* 42 U.S.C. § 2000cc–1 (the government shall not substantially burden a person's exercise of religion unless it is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest).

■ The district court erred in determining that prison chaplain Paul and prison Warden Luna did not personally participate in the policy that prohibited Coronel from attending Pascua Yaqui ceremonies. Although the policy was already in place at the time Paul and Luna arrived at FCC, Paul and Luna oversaw and carried out the prohibition. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001) (per curiam) (section 1983 supervisory liability arises upon a showing of personal participation by defendant).

■ The district court also erred in concluding that Coronel presented no evidence that Corrections Corporation of America ("CCA") had a policy or custom that was the moving force behind the alleged violations. The FCC was operated by CCA, and the record shows that the FCC and its officers adopted and promulgated HDC's order prohibiting Hawaiian inmates from participating in the Pascua Yaqui ceremonies. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (a government entity may be sued only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or if the deprivations are "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels").

We reverse the district court's summary judgment for defendants, and remand for further proceedings on the triable issues of fact that remain.

**REVERSED and REMANDED.**